Long X. Do (SBN 211439)
ATHENE LAW, LLP
5432 Geary Blvd. #200
San Francisco, California 94121
Telephone: (415) 686-7531
long@athenelaw.com

Shari Covington (SBN 312078)
CALIFORNIA MEDICAL ASSOCIATION
CENTER FOR LEGAL AFFAIRS
1201 K Street, Suite 800
Sacramento, California 95814-3933
Telephone: (916) 444-5532
scovington@cmadocs.org

*Attorneys for California Medical Association*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| ELI LILLY AND COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>MOCHI HEALTH CORP., MOCHI MEDICAL CA P.C., MOCHI MEDICAL P.A., AEQUITA PHARMACY, LLC, AEQUITA CORPORATION,<br><br>Defendants. | Case no. 3:25-cv-3534-JSC<br>Action Filed: April 23, 2025<br><br>**UNOPPOSED MOTION FOR ADMINISTRATIVE RELIEF FOR LEAVE TO FILE AMICUS CURIAE BRIEF BY THE CALIFORNIA MEDICAL ASSOCIATION IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS (filed pursuant to Civ. L.R. 7-11)**<br><br>Filed/Lodged Concurrently with:<br>1. Long X. Do Declaration in support of Motion for Administrative Relief for Leave to File Amicus Curiae Brief<br>2. [Proposed] Order Granting Motion for Administrative Relief for Leave to File Amicus Curiae Brief<br>3. [Proposed] Amicus Curiae Brief |

By this unopposed motion pursuant to Civil Local Rule 7-11,[1] the California Medical Association ("CMA") respectfully requests leave of court to file an amicus curiae brief in the above-captioned action in support of plaintiff Eli Lilly and Company's ("Lilly") opposition [dkt. 68] to the motion to dismiss [dkt. 45] filed by the defendants Mochi Health Corp.; Mochi Medical CA P.C.; Mochi Medical P.A.; Aequita Pharmacy, LLC; and Aequita Corporation (collectively, "Defendants").

As detailed in the declaration of Long X. Do ("Do Decl."), filed concurrently herewith, counsel for the parties in this action have been notified of this motion. Do Decl. ¶2. Lilly does not oppose. *Id.*, ¶3. Defendants do not oppose on the condition that they be allowed an additional 5 pages in their reply papers to respond to CMA's amicus brief. *Id.* Toward that end, the parties have indicated they intend to submit a stipulation for the page extension to the Court.

## INTERESTS OF THE PROPOSED AMICUS CURIAE

CMA is a non-profit, incorporated professional physician association of over 45,000 members, most of whom practice medicine in all modes and specialties throughout California. CMA's primary purposes are "to promote the science and art of medicine, the care and well-being of patients, the protection of public health, and the betterment of the medical profession." CMA and its members share the objective of promoting high quality, safe, and cost-effective health care for the people of California.

For many decades, CMA has been the leading voice advocating for robust enforcement of California's law restricting the corporate practice of medicine ("CPOM") by private and government actors. CMA consistently engages in legislative advocacy concerning CPOM doctrine by supporting measures that reinforce its protections, opposing efforts that erode or eliminate it, and evaluating proposed exceptions with careful attention to their impact on physician autonomy and the integrity of patient care. CMA also regularly files amicus briefs in

---

[1] There are no rules that govern the filing of amicus curiae briefs in the district courts. Accordingly, CMA makes this motion pursuant to Civil Local Rule 7-11, which applies in situations "not otherwise governed by a federal statute, Federal Rule, local rule, or standing order of the assigned Judge."

federal and state courts on issues impacting the practice of medicine, including cases like this involving interpretations and application of CPOM. In fact, Judge Breyer permitted CMA to file an amicus brief in a case that is prominent in both sides' briefing around the motion to dismiss – *Am. Acad. of Emergency Med. Physician Grp., Inc. v. Envision Healthcare Corp.*, no. 22-cv-421-CRB ("*Envision*") (N.D. Cal.). The CPOM issues raised by Defendants' motion directly bear upon the interests and work of CMA on behalf of its physician members and constituents.

## HOW CMA CAN ASSIST THE COURT

There is no rule governing the appearance of an amicus curiae in the district courts. Nevertheless, as did the court in *Envision*, "[d]istrict courts have inherent authority to appoint or deny amici" as derived from Federal Rules of Appellate Procedure ("FRAP"), rule 29. *Jin v. Ministry of State Sec.*, 557 F. Supp. 2d 131, 136 (D.D.C. 2008) (internal quotations omitted). "District courts frequently welcome amicus briefs from non-parties concerning legal issues that have potential ramifications beyond the parties directly involved or if the amicus has 'unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide.'" *NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 355 F. Supp. 2d 1061, 1067 (N.D. Cal. 2005) (citation omitted). Though the decision still lies solely within the district court's discretion, the court may be guided by factors such as whether the proffered information is "timely and useful or otherwise necessary to the administration of justice." *United States ex rel. Gudur v. Deloitte Consulting LLP*, 512 F. Supp. 2d 920, 927 (S.D. Tex. 2007).

While FRAP does not apply in this Court, the proposed amicus brief does conform to the page limitation and was timely submitted under the requirements of rule 29. That is, CMA's proposed amicus brief would be filed within "7 days after the principal brief of the party being supported is filed." FRAP 29(a)(6). Here, CMA's proposed amicus brief is filed in support of Lilly's brief opposing Defendants' motion to dismiss, which was filed on July 15, 2025. *See* dkt. 68. The proposed amicus brief is 15 pages long, which is half the length of Lilly's opposition brief, consistent with FRAP, rule 29(a)(5). Finally, CMA's proposed amicus brief includes a statement disclaiming support or involvement from any party or party's counsel in the preparation

or drafting of the brief. *See* FRAP, rule 29(a)(4)(E). The parties' non-opposition to the filing of CMA's amicus brief indicates they would not be prejudiced by the filing.

Based on CMA's review of Lilly's Complaint [dkt. 1] and the briefs surrounding Defendants' motion to dismiss, CMA believes it offers a perspective that can help the Court to understand the history, purposes, and current applications of CPOM. These are issues squarely germane to the Complaint and the motion to dismiss, in which Defendants contend the Court should abstain from private enforcement of CPOM in deference to the primary or exclusive jurisdiction of the Medical Board of California. CMA wishes to present a historical and policy-focused account of CPOM, including pronouncements by the Medical Board, to explain why the claim of primary or exclusive enforcement jurisdiction is unsupported.

## CONCLUSION

For the foregoing reasons, CMA respectfully urges the Court to GRANT its unopposed motion for leave to file an amicus curiae brief and thereupon order that the proposed amicus curiae brief filed concurrently herewith be filed in this action.

Respectfully submitted,

Dated: July 18, 2025

　　　　　　　　　　　　　　　　　　　　*/s/ Long X. Do*
　　　　　　　　　　　　　　　　　　　　　LONG X. DO
　　　　　　　　　　　　　　　　　　*Attorney for California Medical Association*